Todd M. Friedman (216752)
Adrian R. Bacon (2803332)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DUANE HAHN, | Case No. |
| Plaintiff, | COMPLAINT |
| vs. | 1. VIOLATION OF FEDERAL FAIR CREDIT REPORTING ACT |
| TRANS UNION LLC, | JURY DEMAND |
| Defendant. | |

### I INTRODUCTION

1.     Plaintiff, DUANE HAHN (hereinafter, "Plaintiff"), brings this action

for Defendant, TRANS UNION LLC's violations of the Fair Credit Reporting Act

(hereinafter "FCRA"), 15 U.S.C. §1681, *et seq.*, which regulates the furnishing and

reporting of consumer credit information.

### II JURISDICTION & VENUE

2.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this action arises under the FCRA, 15 U.S.C. § 1681, *et seq.*.

3.      Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because the issue was reported by F&F Management, a business based in Murrieta, California, which is within this District and does business within this District.

### III PARTIES

4.      Plaintiff is a natural person and a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

5.      At all relevant times herein, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b). Defendant is a person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "credit reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Furthermore, Defendant is an "information furnisher" as the term is used in the FCRA.

///

## IV FACTUAL ALLEGATIONS

6.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's "consumer report" as the term is defined in the FCRA, 15 U.S.C. § 1681a(d).

7.    On or around 20, 2021, Plaintiff checked his credit report and noticed F&F had placed a collection on his credit report. Defendant has reported derogatory information on Plaintiff's consumer report. The inaccurate reporting includes, without limitation, F & F MANGEMENT (F & F).

8.    The inaccurate reporting regarding F & F stems from F & F claiming they were owed a debt which they were not. F & F reported this debt to Defendant.

9.     Plaintiff informed the collections agents at F & F that he did not owe the money and explained what had happened.  Nevertheless, they continued to harass Plaintiff and placed this item on his credit report.  Plaintiff contends that the debt is not owed.  Plaintiff disputed the reporting of this debt with Defendant and requested it be removed from his credit report, but Defendant did not timely remove this item from his credit report and denied Plaintiff's dispute.

10.    Only after F & F was accused of fraud and went out business did Defendant remove the debt from Plaintiff's credit report.

11.    During the time that Defendant refused to remove the incorrect reporting Plaintiff suffered damages.

12.    Defendant is aware that the credit reporting agencies and other parties to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

13.    Despite Plaintiff's efforts, Defendant has deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information in a timely manner, has failed to note the disputed status of the inaccurate information.

14.    Plaintiff has been damaged, and continues to be damaged, in the following ways:

a.  Denial of credit;

b.  Being recklessly put in danger of a mix-up with other consumers who have similar names because of the inaccurate date of birth;

c.  Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

d.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

e.  Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and

   f.  Decreased credit score which may result in inability to obtain credit on future attempts.

15.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

16.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

17.    Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a.  Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b.  Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

   c.  Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   d.  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information

concerning the Plaintiff despite knowing that said information was inaccurate; and

e.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

18.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT

19.     Plaintiff includes by reference all of the aforementioned allegations as if fully set forth herein.

20.     To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.     Actual damages;

B.     Statutory damages;

C.     Costs and reasonable attorney's fees; and

D.    For such other and further relief as this Court finds just and proper.

## V JURY DEMAND

21.    Plaintiff hereby demands, pursuant to his Seventh Amendment right under the Constitution of the United States of America, a trial by jury on all issues so triable.


Respectfully submitted this 17th Day of November, 2022.


By: /s/Todd M. Friedman, Esq.
    Todd M. Friedman, Esq.
    Law Offices of Todd M. Friedman, P.C.
    Attorney for Plaintiff